UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
U.S. COURTHOUSE
402 E. STATE STREET
TRENTON, NEW JERSEY 08608

Hon. Michael B. Kaplan                                                                                     609-858-9360
United States Bankruptcy Judge

March 27, 2020

        Re:    Maureen Molz and Patricia Bollman v. Jeremy S. Price
              Adv. Pro. No.: 17-01438

              Jeremy S. Price, Bankr. Case No. 17-19435

Dear Counsel:

Presently before the Court in this adversary proceeding are competing motions for summary judgment. The first is a motion for summary judgment (ECF No. 50) filed by Defendant-Debtor, Jeremy S. Price ("Debtor") seeking judgment in his favor and a determination that his debts are dischargeable. Plaintiffs Maureen Molz and Patricia Bollman (collectively, "Plaintiffs") oppose the motion and have filed a cross-motion (ECF No. 53) seeking summary judgment in their favor and a determination that the debt owed to them by the Debtor is nondischargeable under 11 U.S.C. § 523(a)(2)(A). The Court has read all submissions and considered the arguments made during the hearing on March 11, 2020. For the reasons set forth below, both the Debtor's and the Plaintiffs' motions are DENIED.

        **I.**    **Background and Procedural History**

The factual history of this case is well known to the parties and will not be repeated in detail here. The pertinent facts, which are undisputed and determinative of these motions, are as follows: On July 13, 2013, Plaintiffs contracted with the Debtor's company, Price Home Group, LLC ("PHG") for home improvements of Plaintiff's real property. The Debtor made certain representations to Plaintiffs regarding his family's and PHG's experience and the time period for completion of the project, among other things. Ultimately, Plaintiffs concluded that PHG was not complying with the contract and filed a lawsuit against PHG and the Debtor in the Superior Court

of New Jersey ("State Court") seeking monetary damages for fraud, regulatory violations, breach of contract, rescission, breach of the covenant of good faith and fair dealing, and unjust enrichment. The State Court judge dismissed several claims and the matter went to a jury trial. The jury verdict sheet presented the breach of contract claim and included questions regarding the Debtor's removal of funds from PHG, his intentions in doing so, and the effect that his actions had on the insolvency of PHG. *See* Pls.' Ex. 12 22-23, ECF No. 53-7. Following a jury verdict in Plaintiffs' favor, the State Court entered a judgment in Plaintiffs' favor against PHG and Debtor, individually, jointly, and severally, in the amount of $300,000 plus costs. *See* Pls.' Ex. 13 24-25, ECF No. 53-7. The Debtor then filed a petition for bankruptcy under chapter 13 on May 8, 2017. Plaintiffs initiated the instant adversary proceeding by filing a Complaint on July 12, 2017 and, subsequently and with permission of the Court, an Amended Complaint consisting of six counts. After motion practice the only remaining claim in the Amended Complaint is Count One, which seeks a determination that the Plaintiffs' judgment against the Debtor is nondischargeable under 11 U.S.C. § 523(a)(2)(A).

## II.      Standard for a Motion for Summary Judgment

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). As the Supreme Court has indicated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986) (citing FED. R. CIV. P. 1). "In deciding a motion for summary judgment, the judge's function is to determine if there is a genuine issue for trial." *Josey v. John R. Hollingsworth Corp.,* 996 F.2d 632, 637 (3d Cir. 1993).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Huang v. BP Amoco Corp.,* 271 F.3d 560, 564 (3d Cir. 2001) (citing *Celotex Corp.,* 477 U.S. at 323, 106 S. Ct. 2548). In determining whether a factual dispute

warranting trial exists, the court must view the record evidence and the summary judgment submissions in the light most favorable to the non-movant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986).  Disputed material facts are those "that might affect the outcome of the suit under the governing law." *Id.* at 248, 106 S. Ct. 2505. A dispute is genuine when it is "triable," that is, when reasonable minds could disagree on the result. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986) (citations omitted).

"Once the moving party establishes the absence of a genuine dispute of material fact, however, the burden shifts to the non-moving party to 'do more than simply show that there is some metaphysical doubt as to the material facts.'" *In re Moran-Hernandez*, 544 B.R. 796, 800 (Bankr. D.N.J. 2016) (quoting *Matsushita*, 475 U.S. at 586, 106 S. Ct. 1348).  A party may not defeat a motion for summary judgment unless it sets forth specific facts, in a form that "would be admissible in evidence," establishing the existence of a genuine dispute of material fact for trial. FED. R. CIV. P. 56(e) (providing that in response to a summary judgment motion the "adverse party may not rest upon the mere allegations or denials of [its] pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine [dispute] for trial"). *See also Fireman's Ins. Co. of Newark, N.J. v. DuFresne,* 676 F.2d 965, 969 (3d Cir. 1982); *Olympic Junior, Inc. v. David Crystal, Inc.,* 463 F.2d 1141, 1146 (3d Cir. 1972).  If the nonmoving party's evidence is a mere scintilla or is not "significantly probative," the court may grant summary judgment. *Liberty Lobby, Inc., supra,* 477 U.S. at 249–250, 106 S. Ct. 2505.  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita,* 475 U.S. at 587, 106 S. Ct. 1348.

### III.    Standard for a Claim Under § 523(a)(2)(A)

The Section 523 of the Bankruptcy Code provides that:

a discharge under section 727 . . . of this title does not discharge an individual debtor from any debt—

3

. . .

(2) for money, property, services, . . . or credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]

11 U.S.C. § 523(a)(2)(A). The terms "false pretenses," "false representation," and "actual fraud" are not explicitly defined in the Code; nevertheless, the Supreme Court has dictated that "[t]hey are common-law terms, and . . . imply elements that the common law has defined them to include." *Field v. Mans*, 516 U.S. 59, 69, 116 S. Ct. 437, 443, 133 L. Ed. 2d 351 (1995). Among these three grounds for nondischargeability, courts in this Circuit often distinguish between "false pretenses" and "false representation" based on whether the debtor's misrepresentation was implied—indicating "false pretense"—or express—indicating "false representation." *See, e.g.*, *In re Williams*, No. 15-23287, 2018 WL 3344174, at *14 (Bankr. D.N.J. July 5, 2018) (collecting cases); *In re Chung-Hwan Kim*, No. 12-30363, 2018 WL 671467, at *21 (Bankr. D.N.J. Jan. 31, 2018); *In re Witmer*, 541 B.R. 769, 778 (Bankr. M.D. Pa. 2015). The third cause of action under § 523(a)(2)(A), "actual fraud," is defined by the elements of common law fraud. *See Field v. Mans*, 516 U.S. at 443-444; *In re Williams*, 2018 WL 3344174, at *14.

Courts have noted that "[a]lthough the terms 'false pretenses,' 'false representation,' and 'actual fraud' refer to different concepts, they are closely related and each requires a plaintiff to demonstrate proof of false or deceptive conduct, fraudulent intent, and justifiable reliance." *In re Altieri*, No. 11-12819, 2012 WL 3595298, at *2 (Bankr. D.N.J. Aug. 20, 2012) (internal quotations and citations omitted); *see also In re Chung-Hwan Kim*, 2018 WL 671467, at *22. Accordingly, courts generally require that a movant prove some variation of the following elements in order to establish fraud of any type under § 523(a)(2)(A):

(1) the debtor obtained money, property or services through a material misrepresentation;

(2) the debtor, at the time, knew the representation was false or made with gross recklessness as to its truth;

(3) the debtor intended to deceive the creditor;

(4) the creditor justifiably relied on the debtor's false representations; and

(5) the creditor sustained a loss and damages as a proximate result of the debtor's materially false representations.[1]

*See In Re Gallagher*, 2016 WL 4989942, at *2–3 (Bankr. D.N.J. Sept. 9, 2016).[2] These elements must be established by a preponderance of the evidence. *See Grogan v. Garner*, 498 U.S. 279, 291, 111 S. Ct. 654, 661, 112 L. Ed. 2d 755 (1991). "Generally, the provisions of section 523(a) are 'strictly construed against creditors and liberally construed in favor of debtors,' owing to the overriding bankruptcy purpose of granting debtors a fresh start." *In Re Gallagher*, 2016 WL 4989942, at *2 (quoting *In re Cohn,* 54 F.3d 1108, 1113 (3d Cir. 1995)).

In cases involving a debtor-contractor, such as the case presently before this Court, courts in this Circuit have generally recognized "two ways to establish misrepresentation or fraud under section 523(a)(2)(A): (1) to show that the contractor executed the contract never intending to comply with its terms, or (2) to demonstrate that the contractor intentionally misrepresented a material fact or qualification when soliciting the work." *In re Purington*, No. 11-11617, 2012 WL

---

[1] This Court notes that there does not exist in the Third Circuit a singular, universally-used test for proving a claim under § 523(a)(2)(A). However, a close inspection of existing case law reveals that all tests require a movant to fulfill the same basic requirements, and the primary differences between the tests are the number of elements which define the test for establishing a claim. *Compare In re Bocchino*, 794 F.3d 376, 381 (3d Cir. 2015) (five elements) *with In re Chung-Hwan Kim*, No. 12-30363, 2018 WL 671467, at *22 (Bankr. D.N.J. Jan. 31, 2018) (six elements) *and In re Softcheck*, No. 08-23844, 2009 WL 4747527, at *7 (Bankr. D.N.J. Dec. 4, 2009) (ten elements) *and In re Cohen*, 191 B.R. 599, 604 (D.N.J. 1996), *aff'd,* 106 F.3d 52 (3d Cir. 1997), *aff'd sub nom. Cohen v. de la Cruz*, 523 U.S. 213, 118 S. Ct. 1212, 140 L. Ed. 2d 341 (1998) (five elements). Because the relevant case law agrees as to what is substantively required to prove a claim under § 523(a)(2)(A), the variation in the number of elements does not have any meaningful impact on the analysis in this case, or on the legal analyses performed by other courts that have addressed a § 523(a)(2)(A) claim in this Circuit. Rather, the difference in the number of elements appears to be merely organizational. *Compare In re Bocchino*, 794 F.3d at 381 (including the requirements that the debtor "obtained money, property or services" and that there was "a material misrepresentation" in the same element) *with In re Chung-Hwan Kim*, 2018 WL 671467, at *22 (breaking the requirements that the debtor "obtained money, property or services" and that there was a "material representation" into two separate elements).

[2] The Court notes that several courts within our circuit—including the Third Circuit itself—have described the fourth element of § 523(a)(2)(A) as requiring "reasonable" reliance. *See, e.g.*, *In re Bocchino*, 794 F.3d at 381 (stating that the movant must show that "the creditor reasonably relied on the debtor's false representations" to establish the fourth element of a claim under § 523(a)(2)(A)); *In re Cohen*, 191 B.R. 599, 604 (D.N.J. 1996), *aff'd,* 106 F.3d 52 (3d Cir. 1997), *aff'd sub nom. Cohen v. de la Cruz*, 523 U.S. 213, 118 S. Ct. 1212, 140 L. Ed. 2d 341 (1998) (same). However, the Supreme Court has clearly articulated that the type of reliance required to establish fraud under § 523(a)(2)(A) is "justifiable" reliance, which is a lower threshold than "reasonable." *Field v. Mans*, 516 U.S. 59, 74–75, 116 S. Ct. 437, 446, 133 L. Ed. 2d 351 (1995) ("[W]e hold that § 523(a)(2)(A) requires justifiable, but not reasonable, reliance.").

1945510, at *10 (Bankr. D.N.J. May 30, 2012) (citing *In re Wiszniewski,* No. 09–11102, 2010 WL 3488960, *5 (Bankr. N.D. Ill. Aug. 31, 2010); *see also e.g.*, *In re Chung-Hwan Kim*, 2018 WL 671467, at *22; *In re Antonious*, 358 B.R. 172 (Bankr. E.D. Pa. 2006). In the debtor-contractor context, general representations about expected work performance or poor quality of work (without something more) merely give rise to a breach of contract action and will not suffice to constitute misrepresentation under § 523(a)(2)(A). *See In re Chung-Hwan Kim*, 2018 WL 671467, at *22; *In re Moeller*, No. 09-17417, 2014 WL 1315854, at *6 (Bankr. D.N.J. Mar. 31, 2014); *In re Purington*, 2012 WL 1945510, at *10.

### IV.   Discussion

In this case, neither party has demonstrated that judgment in their favor is warranted as a matter of law. Specifically, the Court determines that a genuine dispute exists as to the Debtor's intent. *See, e.g.*, *In re Sevastakis*, 591 B.R. 197, 205 (Bankr. D.N.J. 2018) ("In order to succeed in a claim under § 523(a)(2)(A), a plaintiff must show by a preponderance of the evidence that a debtor possessed the requisite intent to deceive.").

In his motion for summary judgment, the Debtor argues that Plaintiffs have not established that the Debtor made any intentional representations or that he had the requisite intent to deceive for a finding of nondischargeability under § 523(a)(2)(A). However, in defending a summary judgment motion, the burden is not on a plaintiff to affirmatively prove his case. Rather, the burden is on the movant to show an absence of a genuine dispute about a material fact. *See Celotex Corp. v. Catrett*, 477 U.S. at 328 (White, J. concurring). ("It is not enough to move for summary judgment . . . with a conclusory assertion that the plaintiff has no evidence to prove his case."). The crux of the Debtor's argument is that the evidence in the record does not show an intent to deceive at the time the parties entered into the contract. In evaluating a motion for summary judgment, however, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 249. In this case, the Plaintiffs presented the jury verdict sheet from the State Court and introduced testimony and other documents calling into question the Debtor's actions, including the

unconventional formation and operation of PHG, and the Debtor's use of PHG funds. This evidence creates a triable issue of fact as to the Debtor's intent which defeats the Debtor's summary judgment motion.

Given that the evidence in this case defeats the Debtor's motion for summary judgment, it likewise precludes a summary judgment ruling in the Plaintiffs' favor. For the reasons discussed, the Court finds that a triable issue of fact remains as to the Debtor's intent. Although Plaintiffs point to allegedly unconscionable business practices and to the State Court judgment and the jury verdict, this evidence is not conclusive as to the Debtor's intent. *Cf. In re Sevastakis*, 591 B.R. at 206 (making a determination as to intent at the summary judgment stage based on the state court's detailed findings evidencing the debtor's deceitful intent). Indeed, it remains unclear whether the State Court tried the case as a breach of contract action as alleged by the Debtor, *see Debtor's Statement of Material Facts* ¶ 8, ECF No. 50-2, or as an action for fraud as the Plaintiffs allege, *see Plaintiffs' Response to Defendant's Statement of Material Facts* ¶ 1, ECF No. 53.

### V.    Conclusion

For the reasons set forth above, summary judgment is not warranted at this time. Instead, the Court would benefit from a trial at which the parties can introduce evidence and elicit testimony from the Debtor regarding his intent. The Court can then properly weigh the evidence and evaluate the credibility of the Debtor's testimony and make a conclusion as to his intent based on the totality of the circumstances. *See, e.g. In re Bocchino*, 794 F.3d 376 (3d Cir. 2015) (holding that because a debtor will rarely admit to intentional deception, the intent element of a claim under § 523(a)(2)(A) is generally inferred from totality of the circumstances); *see also In re Sevastakis*, 591 B.R. 197 (collecting cases). An appropriate Order will be entered.

*[signature]*

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Cc:    Filed on CM/ECF